IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

F I L E
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

OCT 26 2006

DAVID J MALAND, CLERK
BY
DEPUTY

| | |
|---|---|
| SIMPLEAIR HOLDINGS, INC., a California corporation, | |
| Plaintiff, | CASE NO. 2-06CV-449 |
| vs. | JURY DEMANDED |
| m-QUBE, INC., a Delaware corporation; AMAZON.COM, INC., a Delaware corporation; CBS BROADCASTING INC., a New York corporation; eBAY INC., a Delaware corporation; MYSPACE, INC., a Delaware corporation; YAHOO! INC., a Delaware corporation. | |
| Defendants. | |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff SimpleAir Holdings, Inc. ("SimpleAir") sues Defendants m-Qube, Inc., Amazon.com, Inc., CBS Broadcasting Inc., eBay Inc., MySpace, Inc., and Yahoo! Inc. ("Defendants") and, on information and belief, alleges as follows:

### Introduction

1.     Plaintiff SimpleAir owns the inventions described and claimed in United States Patent Nos. 6,735,614 (the "'614 patent") and 6,167,426 (the "'426 patent"), both entitled "Contact Alerts for Unconnected Users" (collectively, "the Patents")  Defendants (a) have used, and continue to use, Plaintiff's patented technology in products and services that they make, use, sell, and offer to sell, without Plaintiff's permission; and (b) have contributed to or induced, and continue to contribute to or induce, others' infringement of the Patents  Plaintiff SimpleAir seeks damages for patent infringement and an injunction preventing Defendants from making, using, selling, or offering to sell, and from contributing to and inducing others to make, use, sell,

1

or offer to sell, the technology claimed by the Patents without Plaintiff's permission

### Jurisdiction and Venue

2.      This is an action for patent infringement arising under the patent laws of
the United States, 35 U.S.C. §§271 and 281, *et seq.* The Court has original jurisdiction over this
patent infringement action under 28 U.S.C. §1338(a).

3.      Venue is proper in this Court because Defendants are responsible for acts
of infringement occurring in the Eastern District of Texas as alleged in this Complaint, and have
delivered or caused to be delivered infringing products or services in the Eastern District of
Texas.

### Plaintiff SimpleAir Holdings, Inc.

4.      Plaintiff SimpleAir Holdings, Inc. is a corporation existing under and by
virtue of the laws of the State of California.

### The Patents

5.      The United States Patent and Trademark Office issued the '614 patent on
May 11, 2004. A copy of the '614 patent is attached to this Complaint as Exhibit A. The United
States Patent and Trademark Office issued the '426 patent on December 26, 2000. A copy of the
'426 patent is attached to this Complaint as Exhibit B. Through assignment, Plaintiff is the
owner of all right, title, and interest in the '614 and '426 patents, including all rights to pursue
and collect damages for past infringements of the Patents.

### Defendants

6.      Defendant m-Qube, Inc. ("m-Qube") is a corporation organized and
existing under the laws of the State of Delaware, with its principal place of business in
Watertown, Massachusetts.

7.      Defendant Amazon.com, Inc ("Amazon") is a corporation organized and

2

existing under the laws of the State of Delaware, with its principal place of business in Seattle, Washington.

8      Defendant CBS Broadcasting Inc. ("CBS") is a corporation organized and existing under the laws of the State of New York, with its principal place of business in New York, New York.

9.     Defendant e-Bay Inc. ("e-Bay") is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in San Jose, California.

10.    Defendant MySpace, Inc. ("MySpace") is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in Los Angeles, California.

11.    Defendant Yahoo! Inc. ("Yahoo!") is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in Sunnyvale, California.

### FIRST CLAIM FOR PATENT INFRINGEMENT ('614 PATENT)
### Against all Defendants

12.    Plaintiff incorporates by reference each of the allegations in paragraphs 1 - 11 above and further alleges as follows:

13.    On or about May 11, 2004, United States Patent No. 6,735,614 (the "'614 patent"), disclosing and claiming "Contact Alerts for Unconnected Users," was duly and legally issued by the United States Patent and Trademark Office.

14     Plaintiff SimpleAir Holdings, Inc. is the owner of the '614 patent with full rights to pursue recovery of royalties or damages for infringement of said patent, including full rights to recover past and future damages.

15     Defendants m-Qube, Amazon, CBS, eBay, MySpace, and Yahoo! have infringed, contributed to the infringement, and induced others to infringe the '614 patent and, unless enjoined, will continue to do so, by manufacturing, using, selling, or offering for sale

3

products and services that use the method(s) claimed by the '614 patent and by contributing to or inducing others to use the method(s) claimed by the '614 patent without a license or permission from Plaintiff.

16.     Plaintiff has been damaged by Defendants' infringement of the '614 patent and will suffer additional irreparable damage and impairment of the value of its patent rights unless Defendants are enjoined from continuing to infringe the '614 patent.

17.     Defendants' acts of infringement have been, and continue to be, committed with full knowledge of Plaintiff's rights in the '614 patent and in willful and wanton disregard of Plaintiff's rights, entitling Plaintiff to recover increased damages under 35 U.S.C. §284 and rendering this an exceptional case under 35 U.S.C. §285.

18.     Plaintiff demands trial by jury of all issues relating to this claim.

## SECOND CLAIM FOR PATENT INFRINGEMENT ('426 PATENT)
### Against m-Qube and CBS

19.     Plaintiff incorporates by reference each of the allegations in paragraphs 1 - 11 above and further alleges as follows:

20.     On or about December 26, 2000, United States Patent No. 6,167,426 (the "'426 patent"), disclosing and claiming "Contact Alerts for Unconnected Users," was duly and legally issued by the United States Patent and Trademark Office.

21.     Plaintiff SimpleAir Holdings, Inc. is the owner of the '426 patent with full rights to pursue recovery of royalties or damages for infringement of said patent, including full rights to recover past and future damages.

22.     Defendants m-Qube and CBS have infringed, contributed to the infringement, and induced others to infringe the '426 patent and, unless enjoined, will continue to do so, by manufacturing, using, selling, or offering for sale products and services that use the method(s) claimed by the '426 patent and by contributing to or inducing others to use the method(s) claimed by the '426 patent without a license or permission from Plaintiff.

4

23.     Plaintiff has been damaged by Defendants m-Qube and CBS's infringement of the '426 patent and will suffer additional irreparable damage and impairment of the value of its patent rights unless Defendants are enjoined from continuing to infringe the '426 patent.

24.     Defendants m-Qube and CBS's acts of infringement have been, and continue to be, committed with full knowledge of Plaintiff's rights in the '426 patent and in willful and wanton disregard of Plaintiff's rights, entitling Plaintiff to recover increased damages under 35 U.S.C. §284 and rendering this an exceptional case under 35 U.S.C. §285.

25.     Plaintiff demands trial by jury of all issues relating to this claim.

WHEREFORE, Plaintiff prays for judgment as follows:

A.     A decree preliminarily and permanently enjoining Defendants, their officers, directors, employees, agents, and all persons in active concert with them, from infringing, and contributing to or inducing others to infringe, the '614 and '426 patents;

B.     Compensatory damages for Defendants' infringement of the '614 and '426 patents;

C.     Increased damages by reason of the nature of Defendants' infringement pursuant to 35 U.S.C. §284;

D.     A declaration that this case is exceptional pursuant to 35 U.S.C. §285;

E.     Costs of suit and attorneys' fees;

F.     Pre-judgment interest; and

G.     For such other relief as justice requires.

Dated:  October 26, 2006                    Respectfully submitted,


                                            By: _S. Calvin Capshaw (by permission_
                                                 S. Calvin Capshaw

5

State Bar No. 03783900
Elizabeth L. DeRieux
State Bar No. 05770585
Brown McCarroll, L.L.P.
1127 Judson Road, Suite 220
Longview, TX 75601
Telephone: (903) 236-9800
Facsimile: (903) 236-8787
Email: ccapshaw@mailbmc.com
Email: ederieux@mailbmc.com
Franklin Jones, Jr.
State Bar No. 00000055
Email: maizieh@millerfirm.com
Jones & Jones, Inc., P.C.
201 W. Houston St
P. O. Drawer 1249
Marshall, TX 75670
903/938-4395
Fax: 903-938-3360

Of Counsel:

Gregory S. Dovel
CA State Bar No. 135387
Sean A. Luner
CA State Bar No. 165443
Jeff Eichmann
CA State Bar No. 227472
Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
Telephone: 310-656-7066
Facsimile: 310-657-7069
Email: jeff@dovellaw.com

ATTORNEYS FOR PLAINTIFF,
SIMPLEAIR HOLDINGS, INC.

6